## COMMONWEALTH *vs.* PARDON WILLIAMS.

A memoranaum book, kept by a person who works for a tailor by the piece, and in which entries are made of the names of the persons owning the garments worked upon, and the prices of the work, is a "book of accounts for or concerning money or goods due, or to become due, or to be delivered," within the Rev. Sts. c. 126, § 17, and is the subject of larceny: And such book, given by a tailor to the person who works for him, for the purpose of such entries being made therein, is the property of such person, and not of the tailor.

A certificate, given to A. by B., whom C. had promised to pay for work, stating that A. has paid for the work, and that B. has no claim therefor on C., is a "receipt or re-lease," within the Rev. Sts. c. 126, § 17, and is the subject of larceny.

THE indictment against the defendant alleged that he, at Boston, on the 23d of April 1844, " one certain original book of accounts concerning money due, of the value of twenty dollars, one receipt, release or defeasance, containing an acquittance of money due, of the value of six dollars, and sundry bank bills, amounting together to the sum of eleven dollars, and of the value of eleven dollars, of the goods and chattels of one Alida M. Rholl, in the dwelling-house of one Susan H. Danforth, there situate, in her the said Alida's possession then and there being, did then and there, in said dwelling-house, in the day time, feloniously steal, take and carry away."

The trial was in the municipal court, and the following report thereof was made by the presiding judge : " It appeared in evidence that the defendant was a tailor, having in his employment, among other females, Alida M. Rholl ; that he gave to each of his work-women a small paper memorandum book ; that the book given by him to said Alida, and in which he wrote her name, (and which is a part of the case,) contained entries of work done for other persons besides the defendant ; but no names appeared, to designate for whom the work was done ; and all but the last seven charges, on said book, of garments received from the defendant, had been settled and paid. The said Alida had declined to work on the last two of said garments, unless Pierce & Nichols, who had furnished the garments to the defendant, would agree to pay her. This was agreed, and said Alida had finished the two garments, and returned them to the defendant on the 20th of April 1844. On that evening, (Saturday,) said Alida went to the defendant's shop door, and asked for a settlement ; and the defendant then paid her, as she alleged, three dollars on account ; and the book, above referred to, was left by her, and suffered to remain in the defendant's hands. On the next Tuesday, April 23d, the defendant, finding that Pierce & Nichols would not settle with him, unless they were relieved from their promise to said Alida, went to her house, and took the said book with him, and asked her to insert the said two garments in the book and to give him a certificate to Pierce & Nichols. At first she refused ; but upon his saying that he would not settle with her till she did, she said, if he would settle with her, it did not matter much which paid her ; and she then inserted in the book, as follows : ' Stoddard, $3·37 : Trundy, $2·45.' The defendant then wrote the following certificate, which said Alida signed : ' This is to certify that I have no claim on George N. Nichols for Mr. Stoddard and Trundy's coats, as P. Williams has settled with me for all on my book.' The defendant had seated himself at a table, and had before him, lying on the table, the said book, the said certificate, and his wallet, from

which he had taken some bank bills, which also lay by the side of the wallet.   He then said ·he could 'not fix it any way,' unless she could give him eighty three cents in change, and asked if she had it, or could borrow it in the house She went up stairs to borrow it, and on her return with it, the defendant had gone with the book, the certificate and the money.

"The court ruled, upon the facts so appearing, *first*, that the bank bills had not passed from the possession of the defendant to said Alida, or become her property ; and therefore he had a right to take and remove them.   *Second*, that the book was a book of accounts concerning money due, within the meaning of the Rev. Sts. *c.* 126, § 17, and was therefore a subject of larceny.   *Third*, that the property in the book and certificate were in said Alida, at the time the defendant took them away, and that, if they were taken feloniously, the defendant might be found guilty of stealing both.

"The verdict of the jury was, ' that the defendant is guilty of simple larceny of the original book of accounts concerning money due, and of one receipt, release or defeasance, containing an acquittance of money due, of the value of seventeen dollars and seventeen cents, mentioned in the indictment ; but not guilty of the residue of the indictment.' " ·

To these several rulings the defendant alleged exceptions.

*Park*, for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J.   On exceptions from the municipal court, the case appears to be this :   The defendant was indicted for larceny, in stealing one book of accounts concerning money due, one receipt, release or defeasance, and a sum of money. The jury acquitted him of stealing the money, and convicted him of stealing the book of accounts and receipt.

The defendant is a tailor, who employs women to work by the piece ; and the custom is to give to each a small manuscript book, in which the various pieces of each are entered, generally under the names of the persons for whom they are made, with the prices annexed.   Such a book had been given

to Alida M. Rholl, and her name written therein by the defendant.

The first exception is, that this was not a "book of accounts," within the meaning of the statute, (Rev. Sts. c. 126, § 17,) so as to be the subject of larceny. The principal argument in support of this exception is, that this is not a book of original entries, which would be evidence for the owner, with the aid of his own oath, in support of an action in his own name. But the court are of opinion that this exception cannot be sustained. The words of the statute are, "any book of accounts for or concerning money or goods due, or to become due, or to be delivered." The book fully satisfies this description. It concerns money due, and goods to be delivered. Connected with other facts, it might be used as legal evidence. The statute does not confine the description to books of original entries. It may be a great injury to a person to steal the books containing the statements of his accounts with others, though not evidence as a book of original entries. It may be valuable for his own information.

Nor is there any ground, on this evidence to say that the book was not her property. The same evidence which shows that the defendant ever owned it shows that he gave it to her. The gift and actual delivery of it to her made it her property. Nor did the return of the book to him, on Saturday, divest her property. It was a temporary surrender of the possession for a special purpose. But it was restored to her possession, and she had made additional entries in it, before the alleged felonious taking ; so that it was then her property and taken from her possession.

The second exception is, that the receipt or release was not the subject of larceny. The bill of exceptions shows that she had declined making the two last articles, amounting to $5 82, unless Pierce & Nichols, by whom the defendant himself was employed, would pay her ; and this they agreed to do. They were then her debtors, as sureties for the defendant. The certificate which he had required to be given to him on payment, and which he took without payment, was,

in terms, a discharge to them, which he wanted for the express purpose of obtaining the money from them, which he could not obtain without. It comes directly within the description of a receipt or release. It is an acknowledgment of having received payment of the defendant, and a discharge of her claim on Pierce & Nichols. It also purported that she had received payment of the defendant, and was therefore, in form, a discharge to him.

The third exception is, that the court charged the jury, that the defendant, on the evidence, might be found guilty of stealing both the book and the receipt; that they did so find, and found the aggregate value to be $17·17. It appears to us that this is answered by a reference to the facts proved. The evidence shows that there was due to Alida M. Rholl, on Saturday, when she went for a settlement, $20·17, including the two articles, not then entered on the book, for which she held Pierce & Nichols responsible; and the defendant then paid her $3. There was then due to her, on Tuesday, when the book and receipt were taken, $17·17. The book and receipt were both her property; they were to be delivered to him on paying the money, which had not been paid; and of course they both remained her property when they were taken, and both together were evidence of a debt due to her of $17·17. We can, therefore, perceive no mistake in the direction, nor in the finding of the jury upon it.

*Exceptions overruled.*